**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VANESSA DEL CARMEN ALVARADO CALDERON, *on behalf of herself, FLSA Collective Plaintiffs, and the Class,*<br><br>            Plaintiff,<br>v.<br><br>BREADBERRY INC.,<br>    d/b/a BREADBERRY, and<br>SAMUEL GLUCK,<br><br>            Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, VANESSA DEL CARMEN ALVARADO CALDERON (hereinafter, "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this class and collective action Complaint against Defendants BREADBERRY INC., d/b/a BREADBERRY, ("Corporate Defendant"), and SAMUEL GLUCK ("Individual Defendant") (each individually, "Defendant" or, collectively, "Defendants") and states as follows:

**INTRODUCTION**

1. Plaintiff VANESSA DEL CARMEN ALVARADO CALDERON alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from

1

Defendants: (1) unpaid overtime premium; (2) unpaid wages due to time shaving; (3) liquidated damages; and (4) attorney's fees and costs

2. Plaintiff VANESSA DEL CARMEN ALVARADO further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) failure to pay minimum wage; (2) unpaid overtime premium; (3) unpaid wages due to time shaving; (4) unpaid spread of hours premium; (5) statutory penalties; (6) liquidated damages; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, VANESSA DEL CARMEN ALVARADO CALDERON, is a resident of Kings County, New York.

6. Defendants collectively own and operate a supermarket under the tradename "Breadberry" located at 1689 60th Street, Brooklyn, NY 11218.

7. Corporate Defendant, BREADBERRY INC., d/b/a BREADBERRY, is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 1689 60th Street, Brooklyn, NY 11204. Corporate Defendant BREADBERRY INC. owns and operates the supermarket BREADBERRY located at 1689 60th Street, Brooklyn, NY 11204. *See* **Exhibit A**.

8. Individual Defendant SAMUEL GLUCK is the Chief Executive Officer and owner of the Corporate Defendant. *See* **Exhibit A; Exhibit B**. SAMUEL GLUCK exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. SAMUEL GLUCK frequently visits the Supermarket SAMUEL GLUCK exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Supermarket may complain to SAMUEL GLUCK directly regarding any of the terms of their employment, and SAMUEL GLUCK would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. SAMUEL GLUCK exercised functional control over the business and financial operations of the Corporate Defendant. SAMUEL GLUCK had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

9. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

11. Plaintiff VANESSA DEL CARMEN ALVARADO CALDERON asserts claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of

all non-exempt employees (including but not limited to deli workers, counter employees, store clerks, cashiers, porters, and cleaners) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (hereinafter, "FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs (i) their proper wages for all hours worked and (ii) their proper overtime premium at one and a half times the regular rate for all hours worked over forty (40) in a workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

14. Plaintiff asserts claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to deli workers, counter employees, store clerks, cashiers, porters, and cleaners) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as

defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also able to be determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants of (i) failing to pay the prevailing minimum wage; (ii) failing to pay overtime premium; (iii) failing to pay spread of hours premium; (iv) failing to pay wages for all hours worked due to time-shaving; (v) failing to provide proper wage statements per requirements of NYLL; and (vi) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of NYLL.

18. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff, and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or

varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the State violate New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of New York law and applicable state laws;

   b. What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

   c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d. Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

e. Whether Defendants operated their business with a policy of failing to pay Plaintiff and Class members the prevailing minimum wage as required by the NYLL;

f. Whether Defendants operated their business with a policy of failing to pay Plaintiff and Class members their overtime premiums;

g. Whether Defendants operated their business with a policy of not compensating employees for all hours worked due to time-shaving;

h. Whether Defendants paid the spread of hours premium owed to employees working more than ten (10) hours per day as required by NYLL;

i. Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under NYLL and applicable state laws; and

j. Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL and applicable state laws.

## STATEMENT OF FACTS

23. In or around April 2017, Plaintiff VANESSA DEL CARMEN ALVARADO CALDERON was hired by Defendants to work as a deli worker for Defendants' BREADBERRY INC., d/b/a BREADBERRY supermarket located at 1689 60th Street,

8

Brooklyn, New York 11218. Plaintiff was employed by Defendants until in or around February 2020.

24. Since the beginning of her employment, Plaintiff worked six (6) days per week, from 5:00 a.m. to 3:00 p.m.. Despite the fact that Plaintiff had a set schedule, Defendants required Plaintiff to stay late and perform work until 7:00 p.m. at least three (3) times per workweek. Thus, Plaintiff regularly worked for at least seventy-four (74) hours per week. During Plaintiff's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours and were similarly required to work past their scheduled shifts.

25. Defendants compensated Plaintiff as follows:

a) From in or around April 2017 to in or around December 2018, Plaintiff was compensated at an hourly rate of $10.00 per hour, below the prevailing minimum wage, and

b) From in or around December 2018 to in or around February 2020, Plaintiff was compensated at a rate of $13 per hour, below the prevailing minimum wage of $15 per hour.

At all times, Plaintiff and Class members were paid below the prevailing minimum wage that Plaintiff and Class members were entitled to.

26. Although Plaintiff regularly worked in excess of forty (40) hours per workweek during her employment by Defendants, Defendants compensated Plaintiff at her regular rate and not the required overtime premium for hours worked in excess of forty (40), as required under FLSA and NYLL. Similarly, FLSA Collective Plaintiffs and Class Members regularly worked in

excess of forty (40) hours per workweek, but never received any overtime premium for the hours in excess of forty (40) that they worked each workweek.

27. Moreover, each workweek, without notice, Defendants cut around five (5) hours from Plaintiff's paycheck. Because of this time-shaving policy, Defendants failed to compensate Plaintiff for all her worked hours. Similarly, FLSA Collective Plaintiffs and Class members were not compensated for all their worked hours due to Defendants' time-shaving policies.

28. During her employment by Defendants, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, she never received any spread of hours premium for working such shifts, as required under NYLL. Similarly, Class Members regularly worked shifts exceeding ten (10) hours in duration and were never paid spread of hours premium.

29. Defendants never provided Plaintiff with a proper wage statement in violation of NYLL as it failed to accurately list Plaintiff's total worked time and wages. Similarly, FLSA Collective Plaintiffs and Class members were not provided with proper wage statements as required by NYLL.

30. At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wages notices, at the beginning of employment and with every change of payrate thereafter as required by NYLL.

31. Defendants knowingly and willfully operated their business with a policy of compensating employees, including Plaintiff and Class members, with wages below the prevailing minimum wage in violation of NYLL.

32. Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime rate thereof for all hours worked to Plaintiff, FLSA Collective Plaintiffs, and Class members in violation of FLSA and NYLL.

33. Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class members regular and overtime wages for all hours worked due to Defendants' time-shaving practices.

34. Defendants knowingly and willfully operated their business with a policy of not paying spread-of-hours premium to Plaintiffs and Class members, in violation of NYLL.

35. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL.

36. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

37. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

38. Plaintiff realleges Paragraphs 1 through 37 of this Class and Collective Action Complaint as fully set forth herein.

39. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA,

29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

41. At all relevant times, Corporate Defendant had a gross annual revenues in excess of $500,000.

42. At all relevant times, Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

43. At all relevant times, Defendants had a policy and practice that failed to pay wages, including overtime, to Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time-shaving.

44. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

46. Defendants knew of and/or showed a willful disregard for the provisions of FLSA

as evidence by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including overtime, due to time-shaving.

47. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

48. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

49. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of (i) unpaid wages due to time-shaving, and (ii) unpaid overtime premium, plus an equal amount as liquidated damages.

50. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

51. Plaintiff reallege Paragraphs 1 through 50 of this Class and Collective Action Complaint as if fully set forth herein.

52. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

53. Defendants engaged in a policy and practice of refusing to pay Plaintiff and Class members the NYC minimum wage.

54. Defendants failed to pay Plaintiff and Class members a minimum wage hourly

compensation in the lawful amount for their hours worked.

55. Defendants willfully violated the rights of Plaintiff and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

56. Defendants failed to properly notify employees of their overtime rate, in direct violation of NYLL.

57. Defendants failed to properly compensate employees their corresponding wages, including overtime, due to time shaving, in direct violation of NYLL.

58. Plaintiff and Class members regularly worked days that exceeded ten (10) hours per day. Defendants willfully violated Plaintiff and Class members' rights by failing to pay spread of hours premium to Plaintiff and Class members for each day their workday exceeded ten (10) hours.

59. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under NYLL.

60. Defendants knowingly and willfully operated their business with a policy of not providing proper and accurate wage statements, as required under NYLL.

61. Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, unpaid overtime premium, unpaid wages due to time-shaving, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CALDERON, on behalf of herself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wage due under the NYLL;

d. An award of unpaid overtime premium due under the FLSA and the NYLL;

e. An award of unpaid spread of hours premium due under the NYLL;

f. An award of unpaid wages, including overtime, due to time-shaving due under the FLSA and the NYLL;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime premium pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, including overtime due to time shaving, overtime premium, and spread of hours premium pursuant to the FLSA and the NYLL;

i. An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorney's and expert fees and statutory penalties;

j.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k.  Designation of this action as a class action pursuant to F.R.C.P. 23;

l.  Designation of Plaintiff as Representative of the Class; and

m.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: March 23, 2022
      New York, New York

Respectfully submitted,

By: /s/ *C.K. Lee*
    C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 W. 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*