

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298


Kevin K. Yam
212.583.2674 direct
212.583.9600 main
kyam@littler.com

June 30, 2022


<u>**VIA ECF**</u>

Hon. Margo K. Brodie, U.S.D.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    **Vanessa Del Carmen Alvarado Calderon v. Breadberry Inc., et al.**
       **Case No. 1:22-cv-01601-MKB-LB (E.D.N.Y.)**

Dear Judge Brodie:

This firm represents defendants Breadberry Inc. ("Breadberry") and Samuel Gluck (collectively, the "Moving Defendants") in the above-referenced action.  Pursuant to Section 3(A) of Your Honor's Individual Practices and Rules and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*, please accept this letter as the Moving Defendants' request for permission to file a motion to compel arbitration of all claims that are set forth in the complaint of Plaintiff Vanessa Del Carmen Alvarado Calderon ("Plaintiff" or "Calderon"), dated March 23, 2022 (the "Complaint" or "Compl."), *see* Dkt. 1, and dismiss this lawsuit, or alternatively, stay this action pending resolution of Calderon's claims in individual grievance, mediation, or arbitration.

As a general background, Calderon alleges that she was a deli worker for Breadberry between on or about April 2017 and February 2020. *See* Compl. ¶ 23.  Further, at all relevant times, Calderon was a unionized worker who was subject to collective bargaining agreements between Breadberry and Local 713, International Brotherhood of Trade Unions. *See* Collective Bargaining Agreement Dated August 19, 2014 ("Original CBA") attached as **Exhibit A** and Collective Bargaining Agreement Dated January 1, 2018 ("Governing CBA") attached as **Exhibit B**.

In the Governing CBA, Article XXXI(A) specifically provides as follows:

> The parties agree a goal of this Agreement is to ensure compliance with all federal, state, and local wage hour law[s]. *Accordingly, to ensure the uniform administration and interpretation of this Agreement in connection with federal, state, and local wage-hour [laws], all claims brought by either the Union or Employees, asserting violations of or arising under the Fair Labor Standards Act ("FLSA"), or New York Labor Law (collectively, the "Covered Statutes"), in any manner, shall be subject exclusively, to the grievance and arbitration procedures*

Hon. Margo K. Brodie
June 30, 2022
Page 2

> *described in this Article.* The statute of limitations to file a grievance concerning the Covered Statutes shall be consistent with the applicable statutory statute of limitations. All such claims if not resolved in the grievance procedure … or mediation as described below shall be submitted to final and binding arbitration before Roger Maher. The Arbitrator shall apply appropriate law and may, but shall not be required to, award all statutory remedies and penalties, including attorneys' fees, consistent with the FLSA and New York Labor Law in rendering decisions regarding disputes arising under this Article.

Here, based on the allegations in the Complaint, Calderon has brought this wage and hour lawsuit on a collective and class action basis against the Moving Defendants, asserting claims for minimum wage violations, unpaid overtime, unpaid spread of hours, and failure to provide wage notices and wage statements, solely under FLSA and the New York Labor Law ("NYLL").

As set forth above in Article XXXI(A), the arbitration clause in the Governing CBA was "clear and unmistakable" that the parties intended to arbitrate Calderon's or any other Breadberry employees' FLSA and NYLL claims. *See Wright v. Universal Mar. Serv. Corp.,* 525 U.S. 70, 79–80, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998); *Alderman v. 21 Club Inc.,* 733 F. Supp. 2d 461, 469 (S.D.N.Y. 2010). ("A 'clear and unmistakable' waiver exists where one of two requirements is met: (1) if the arbitration clause contains an explicit provision whereby an employee specifically agrees to submit all causes of action arising out of his employment to arbitration; or (2) where the arbitration clause specifically references or incorporates a statute into the agreement to arbitrate disputes.") The second requirement is clearly present in this case by incorporating the FLSA and NYLL into Article XXXI (Alternative Dispute Resolutions) of the Governing CBA. Accordingly, the Court should grant the Moving Defendants' motion to compel arbitration and dismiss this lawsuit, or alternatively stay this action.

Moreover, the Court should grant the Moving Defendants' request to compel this matter to individual grievance, mediation, or arbitration, and not on a class or collective basis. Article XXXI(D) clearly sets forth the following:

> In the event an Employee has requested, in writing, that the Union process a grievance alleging a violation of the Covered Statutes and the Union declines to process a grievance regarding alleged violations of the Covered Statutes, through the grievance/mediation process or to arbitration following the conclusion of mediation, *an Employee solely on behalf of herself, may submit her individual claim to mediation, or following the conclusion of mediation, to arbitration … Such claims may be presented by and on behalf of the individual Employee only, with or without counsel. The Mediator/Arbitrator shall have no authority to consider class or collective claims or issue any remedy on a class basis …*

Hon. Margo K. Brodie
June 30, 2022
Page 3

Accordingly, we respectfully request: (1) a pre-motion conference to discuss the Moving Defendants' anticipated motion to compel individual grievance, mediation, or arbitration of all claims in Calderon's Complaint, and dismiss this lawsuit, or alternatively stay this action; and (2) the opportunity to file such motion subject to a briefing schedule that is So Ordered by the Court.

We thank the Court for its attention and consideration in this matter.

Respectfully submitted,

*/s/ Kevin K. Yam*
Kevin K. Yam

cc:      All Counsel of Record (Via ECF)