UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

VANESSA DEL CARMEN ALVARADO
CALDERON, *on behalf of herself, FLSA*
*Collective Plaintiffs, and the Class*

                      Plaintiff,                         **REPORT AND RECOMMENDATION**
                                                  **22 CV 1601 (MBK)(LB)**

     -against-

BREADBERRY Inc. *d/b/a Breadberry*, and
SAMUEL GLUCK
                  Defendants.

---------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

Plaintiff Vanessa Del Carmen Alvarado[1] brings this action alleging defendants

Breadberry Inc. ("Breadberry") and Samuel Gluck violated her rights under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et* seq., and the New York Labor Law ("NYLL"),

N.Y. Lab. Law §§ 650 *et seq*. ECF No. 1. Defendants move to compel arbitration and to dismiss

plaintiff's complaint or to stay the action. ECF No. 20. The Honorable Margo K. Brodie referred

defendants' motion to me for a Report and Recommendation in accordance with 28 U.S.C. §

636(b). For the reasons set forth below, it is respectfully recommended that defendants' motion

should be granted in part and denied in part, and that the case should be stayed pending

arbitration.

---

[1] Plaintiff brings the case purportedly on behalf of herself, FLSA collective plaintiffs, and the class. However, neither the collective action nor the class action have been certified.

## BACKGROUND[2]

Plaintiff was employed as a deli worker from April 2017 through February 2020 in the Breadberry supermarket in Brooklyn, NY owned by defendants. ECF No. 1 ¶ 23. During that time, plaintiff was a dues paying member of Local 713 of the International Brotherhood of Trade Unions (the "Union"). ECF No. 20-1 at 2; see ECF No. 20-5 (copy of plaintiff's paycheck showing union dues). Over the course of plaintiff's employment at Breadberry, the Union entered into two collective bargaining agreements ("CBA"s) governing the terms and conditions of union member employment. ECF No. 20-1 at 2. The first CBA was already in place when plaintiff was hired in April 2017 and was in effect through December 31, 2017. ECF No. 20-3 ("2014 CBA"). The Union entered into a new CBA on January 1, 2018, which remained in effect through December 31, 2020, after the end of plaintiff's employment. ECF No. 20-4 ("2018 CBA"). Plaintiff filed her complaint on March 23, 2022, alleging defendants violated her rights under the FLSA and the NYLL, including by failing to compensate plaintiff at the minimum wage and overtime rates. ECF No. 1. Defendants move to compel arbitration, ECF No. 20; plaintiff opposes the motion, ECF Nos. 21, 22; and defendants have replied. ECF No. 23.

## DISCUSSION

### I.     Legal Standard

When determining "whether parties have contractually bound themselves to arbitrate a dispute," courts "apply a standard similar to that applicable for a motion for summary judgment, drawing all reasonable inferences in favor of the non-moving party." Abdullayeva v. Attending Homecare Services LLC, 928 F.3d 218, 221 (2d Cir. 2019) (internal quotation marks and

---

[2] The facts are drawn from plaintiff's complaint, ECF No. 1, as well as the defendants' motion to compel arbitration. ECF No. 20.

citations omitted). The Court considers "all relevant, admissible evidence submitted by the parties and contained in the pleadings…." Meyer v. Uber Techs., Inc., 868 F.3d 66, 74 (2d Cir. 2017) (internal quotation marks and citations omitted).

The Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "FAA") "reflects a liberal federal policy favoring arbitration agreements," Meyer, 868 F.3d at 73 (quoting AT & T Mobility LLC v. Concepcion, 563 U.S. 333, 346 (2011)), and directs courts to "respect and enforce agreements to arbitrate." Epic Sys. Corp. v. Lewis, 138 S. Ct. 1612, 1621 (2018). When a party fails or refuses to arbitrate under the terms of an arbitration agreement, the other party may move the Court for an order compelling arbitration. Sanchez v. Clipper Realty, Inc., No. 21 CV 8502, 2022 WL 16578981, *4 (S.D.N.Y. 2022) (quoting 9 U.S.C. § 2).  When determining whether to compel arbitration, the Court must decide "(1) whether the parties agreed to arbitrate; (2) the 'scope' of the arbitration agreement; (3) whether the plaintiff's federal statutory claims are 'nonarbitrable'; and (4) if some, but not all of the claims in the case are arbitrable, whether to stay the balance of the proceedings pending arbitration." Abdullayeva, 928 F.3d at 221-22 (citing JLM Industries, Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004)).

II.    **The Collective Bargaining Agreements**

The Court looks to state contract law to determine whether the parties agreed to arbitrate. Abdullayeva, 928 F.3d at 222. Under New York law, "agreements must be construed in accord with the parties' intent." Id. (internal quotation marks omitted). "The terms of the agreement provide the best evidence of what the parties intend, and a written agreement that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms." Id. The agreements at issue in this case are two CBAs entered into between the Union and Breadberry, governing the terms of plaintiff's employment. At all relevant times plaintiff

3

was a member of the Union, and the Union was legally authorized to negotiate CBAs on her

behalf. See 29 U.S.C. § 159(a). Plaintiff is bound by the provisions of the CBAs, each of which

contain a section requiring all grievances to be submitted to arbitration. 2014 CBA, Section 18;

2018 CBA, Articles XXI, XXXI. Thus, an agreement to arbitrate exists, and the Court turns to

evaluating the scope of the arbitration provisions.

The Court next determines whether each provision's scope includes plaintiff's FLSA and

NYLL claims. Due to the presumption of arbitrability from the FAA, courts generally resolve

any doubts regarding the scope of the agreement in favor of arbitration. Abdullayeva, 928 F.3d at

222. "However, an exception to the scope presumption applies in the context of a union's waiver

of its members' right to bring statutory claims in court." Id. It is well established that a union

may commit the parties to arbitrate claims arising from FLSA and NYLL, see Epic Sys. Corp.,

138 S. Ct at 1626-27 (enforcing an arbitration agreement waiving FLSA collective action rights);

Lawrence v. Sol G. Atlas Realty Co., Inc., 841 F.3d 81, 83 (2d. Cir. 2016) ("[c]laims under …

FLSA[] and NYLL may be made subject to arbitration"), but such waivers "must be clear and

unmistakable." Abdullayeva, 928 F.3d at 222 (quoting Lawrence, 841 F.3d at 82). A CBA meets

the "clear and unmistakable" standard by either compelling arbitration explicitly for *statutory*

causes of action or by incorporating specific statutes into the arbitration agreement. Lawrence,

184 F.3d at 84; Sanchez, 2022 WL 16578981 at *6.

Under this standard, only one of the CBAs compels arbitration of plaintiff's statutory

claims. The 2018 CBA, which went into effect in January 2018 and covers the term of plaintiff's

employment from January 2018 through February 2020, contains a clear and unmistakable

provision requiring arbitration of plaintiff's FLSA and NYLL claims, but the 2014 CBA does

not.

4

The 2018 CBA contains two provisions regarding arbitration, only the first of which is included in the 2014 CBA. [3] Article XXI of the 2018 CBA (Section 18 of the 2014 CBA) "Grievance and Arbitration," states that:

> All grievances concerning discipline and termination between the parties hereto (the Employer and the Union), growing out of the interpretation or application of any clause of the *Agreement*, or any breach or threatened breach of the Agreement, shall be settled in the following [grievance process]: … Any said dispute or grievance shall be presented to the Employer in writing … if the dispute or grievance is not adjudicated or resolved, either party may submit the matter to arbitration …. The procedure herein outlined in respect to matters over which the Arbitrator has jurisdiction shall be the sole and exclusive method for the determination of all such issues.

The 2014 "Grievance and Arbitration" provision does not clearly reflect the parties' intent to compel arbitration of an employee's statutory causes of action. However, the 2018 CBA does. It includes another arbitration provision, Article XXXI, "Alternative Dispute Resolution Procedures," which provides that:

> …all claims brought by either the Union or Employees, asserting violations of or arising under the Fair Labor Standards Act ("FLSA"), or New York Labor Law (collectively, the "Covered Statutes"), in any manner, shall be subject exclusively, to the grievance and arbitration procedures described in this Article. … All such claims if not resolved in the grievance procedure … or mediation as described [in the Article] shall be submitted to a final and binding arbitration before Roger Maher.

The language of this provision specifically identifies the FLSA and the NYLL and subjects all claims under these statutes "exclusively" to a "final and binding" arbitration. This provision in the 2018 CBA is sufficient under the "clear and unmistakable" standard and waives plaintiff's right to proceed on these statutory claims in a judicial forum. Abdullayeva, 928 F.3d at 223-224. Plaintiff's statutory claims are within the scope of the 2018 CBA's arbitration agreement.

---

[3] The "Grievance and Arbitration" provision in the 2014 CBA differs slightly from its 2018 counterpart with regard to the procedure's prescribed timing but the substantive language remains the same.

However, the 2014 CBA, which was in place during plaintiff's employment from April 2017 through December 31, 2017, does not include this second provision governing the FLSA and the NYLL claims. The 2014 CBA contains only the first, general "Grievance and Arbitration" provision. Such general provisions have not been found to meet the "clear and unmistakable" standard required to waive one's right to bring statutory claims in court. See Lawrence, 184 F.3d at 84 (interpreting the standard to require "specific references in the CBA either to the statutes in question or to statutory causes of action generally"); see also Sanchez, 2022 WL 16578981 at *7 (determining similar CBA language does not meet the standard). The provision in the 2014 CBA fails to mention statutory claims or the FLSA and the NYLL. Accordingly, the 2014 CBA does not include plaintiff's statutory claims in the scope of its arbitration provision.

Since plaintiff's FLSA and NYLL claims from January 2018 through February 2020 are arbitrable as they are explicitly included in the scope of the CBA's provision, Lawrence, 841 F.3d at 83 ("[c]laims under … FLSA[] and NYLL may be made subject to arbitration"); the Court therefore considers whether to stay the proceedings pending arbitration. I recommend that the Court should stay this case pending arbitration of those claims. Under Katz v. Cellco P'ship, 794 F.3d 341 (2d Cir. 2015), the Court cannot dismiss plaintiff's arbitrable claims where defendant's motion seeks either a stay or a dismissal. Abdullayeva, 928 F.3d at 226 n.5.[4]

As a final matter, plaintiff's opposition seeks to modify the portion of the arbitration provision that addresses attorney's fees and mediation costs. ECF No. 21. Plaintiff argues that

---

[4] Plaintiff does not oppose arbitration of her claims; she opposes certain provisions of the 2018 CBA regarding attorney's fees and the costs of the mediation.  Although "a court will compel arbitration only if the waiver of union members' right to bring claims in court is 'clear and unmistakable,'" Sanchez, 2022 WL 16578981 at *5 (quoting Abdullayeva, 928 F.3d at 222), nothing prevents plaintiff from voluntarily submitting all of her claims to arbitration.

these two sections of the arbitration provision are unconscionable and should be modified or

severed by the Court. Id. at 1, 4. As neither provision identified by plaintiff would prevent

enforcement of the agreement, the Court need not reach these issues to compel arbitration.

> First, plaintiff asks the Court to modify Article XXXI, Section A, which states:
>
> The Arbitrator shall apply appropriate law and may, but shall not be required to, award all statutory remedies and penalties, including attorneys' fees, consistent with the FLSA and New York Labor Law in rendering decisions regarding disputes arising under this Article.

Plaintiff requests that the Court sever this provision or modify the language to require that the

arbitrator award attorneys' fees, consistent with the FLSA and New York Labor Law. ECF No.

21 at 4. Unlike the provisions at issue in the cases cited by plaintiff, the provision here does not

prevent plaintiff from recovering attorney's fees should she prevail at arbitration. See, e.g.,

Zambrano v. Strategic Delivery Sols., LLC, No. 15 CIV. 8410, 2016 WL 5339552, at *6

(S.D.N.Y. Sept. 22, 2016) ("the arbitration provision cannot preclude them from recovering their

reasonable attorney's fees and costs should they prevail on their claims. … Accordingly, courts

have deemed bear-your-own-cost provisions like the one at issue in this case unenforceable as

applied to FLSA claims.") In fact, the provision directs the arbitrator to apply the appropriate

law. The Court need not direct the arbitrator to award attorney's fees as the arbitrator shall apply

the appropriate law.[5]

> Additionally, plaintiff argues that the provision stating that the "fees and expenses of the

Mediator/Arbitrator shall be shared equally by the employee and the Employer, unless the

---

[5] Moreover, the severability clause, Article XXVII, ECF No. 20-4 at 12, permits the arbitrator to sever any legally invalid provision of the agreement without invalidating the remaining portions. See Ouedraogo v. A-1 Int'l Courier Serv., Inc., No. 12 CIV. 5651, 2014 WL 1172581, at *4 (S.D.N.Y. Mar. 21, 2014) ("Because the severability provision enables the arbitrator to interpret any unenforceable provisions of the Agreement in an enforceable manner, the Court finds the fee and remedial provisions of the Agreement do not preclude arbitration.").

arbitrator finds a violation of any of the Covered Statutes," is unconscionable. Plaintiff's

contention is not supported by the law. "[W]here, as here, a party seeks to invalidate an

arbitration agreement on the ground that arbitration would be prohibitively expensive, that party

bears the burden of showing the likelihood of incurring such costs." Green Tree Fin. Corp.-

Alabama v. Randolph, 531 U.S. 79, 92 (2000). The Court notes that plaintiff is only required to

pay a share of the fees when the Union declines to process her claim, and even then, only if the

arbitrator rules against her. ECF No. 20-4 at 15-16. Plaintiff's "argument thus assumes both that

the union would decline to represent [her] and that [she] would not prevail in arbitration." Pena

v. 220 E. 197 Realty LLC, No. 20-CV-7039, 2021 WL 3146031, at *3 (S.D.N.Y. July 23, 2021)

(finding a substantially similar provision did not prevent enforcement of the agreement). At this

juncture, plaintiff does not meet her burden regarding prohibitive costs, and the Court should not

modify the agreement to compel arbitration.

## CONCLUSION

Accordingly, it is respectfully recommended that the Court should grant defendants'

motion to compel arbitration with respect to plaintiff's FLSA and NYLL claims from January 1,

2018 to February 2020, and the Court should deny the motion to compel arbitration of plaintiff's

FLSA and NYLL claims from April 2017 to December 31, 2017. The Court should stay this case

pending the resolution of plaintiff's claims in individual grievance, mediation, or arbitration.[6]

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

the parties shall have fourteen (14) days from service of this Report to file written objections. See

---

[6] As outlined in the 2018 CBA, Article XXXI.

also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED

                                                          _____/S/_____
                                                          LOIS BLOOM
                                                          United States Magistrate Judge

Dated: December 15, 2022
       Brooklyn, New York