Clerk's Office
Filed Date: 2/9/23

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

VANESSA DEL CARMEN ALVARADO
CALDERON *on behalf of herself, FLSA Collective Plaintiffs, and the Class*,

                         Plaintiff,

            v.

BREADBERRY INC. *d/b/a Breadberry*, and
SAMUEL GLUCK,

                         Defendants.

**MEMORANDUM & ORDER**
22-CV-1601 (MKB) (LB)

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Vanessa Del Carmen Alvarado commenced the above-captioned action on behalf of herself, the Fair Labor Standards Act ("FLSA") Collective Plaintiffs and the Class,[1] against Defendants Breadberry Inc. and Samuel Gluck, alleging that Defendants violated her rights under the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.* (Compl., Docket Entry No. 1.) On August 19, 2022, Defendants moved to compel arbitration and dismiss the complaint or, in alternative, stay the action pending arbitration, (Defs.' Mot. to Compel Arbitration, Docket Entry No. 20), and on September 30, 2022, the Court referred the motion to Magistrate Judge Lois Bloom for a report and recommendation, (Order dated Sept. 30, 2022).

      By report and recommendation dated December 15, 2022, Judge Bloom recommended that the Court grant Defendants' motion to compel arbitration as to certain claims and deny as to others (the "R&R"). (R&R, Docket Entry No. 25.) On December 29, 2022, Defendants filed a

---

[1] Neither the collective action nor the class action have been certified.

partial objection to the R&R, arguing that Judge Bloom erred in recommending that the Court deny Defendants' motion as to certain claims. (Defs.' Obj., Docket Entry No. 26.) Plaintiff has not yet filed a response, and the time for doing so has passed. For the reasons discussed below, the Court adopts the R&R in part and grants Defendants' motion to compel arbitration as to all of Plaintiffs' claims.

## I. Background

### a. Factual background

Beginning in April of 2017 through February of 2020, Plaintiff was employed as a deli worker in the Breadberry supermarket in Brooklyn, NY, which was owned by Defendants. (Compl. ¶ 23.) Plaintiff was a dues-paying member of Local 713 of the International Brotherhood of Trade Unions (the "Union").[2] In April of 2017 when Defendants hired Plaintiff, a Collective Bargaining Agreement ("CBA") governing the terms and conditions of union-member employment was already in place. (Freedberg Decl. 1; Original CBA ("2014 CBA"), annexed to Freedberg Decl. as Ex. A, Docket Entry No. 20-3.) On January 1, 2018, a new CBA ("2018 CBA") replaced the 2014 CBA, and remained in effect through the end of Plaintiff's employment by Defendants. (Freedberg Decl. 1–2; Governing CBA, annexed to Freedberg Decl. as Ex. B, Docket Entry No. 20-4.)

The 2018 CBA contains two arbitration provisions, one of which is included in the 2014 CBA. (*Compare* 2018 CBA 7–8, 13–15, *with* 2014 CBA 10–13.) The Grievance and Arbitration provision in Article XXI of the 2018 CBA states that:

> All grievances concerning discipline and termination between the parties hereto (the Employer and the Union), growing out of the interpretation or application of any clause of the *Agreement*, or any

---

[2] (Decl. of Eli Freedberg in Supp. of Mot. ("Freedberg Decl.") 2, Docket Entry No. 20-2; Pl.'s Feb. 5, 2020 Paystub, annexed to Freedberg Decl. as Ex. C, Docket Entry No. 20-5.)

>> breach or threatened breach of the Agreement, shall be settled in the following [grievance process]: . . . Any said dispute or grievance shall be presented to the Employer in writing. . . . If the dispute or grievance is not adjudicated or resolved, either party may submit the matter to arbitration. . . . The procedure herein outlined in respect to matters over which the Arbitrator has jurisdiction shall be the sole and exclusive method for the determination of all such issues.

(2018 CBA 7–8; *see also* 2014 CBA 10–13.[3])

The 2018 CBA also includes an Alternative Dispute Resolution Procedures in Article XXXI, which provides that:

>> [A]ll claims brought by either the Union or Employees, asserting violations of or arising under the Fair Labor Standards Act ("FLSA"), or New York Labor Law (collectively, the "Covered Statutes"), in any manner, shall be subject exclusively, to the grievance and arbitration procedures described in this Article. . . . All such claims if not resolved in the grievance procedure . . . or mediation as described [in the Article] shall be submitted to a final and binding arbitration before Roger Maher.

(2018 CBA 14.)

### b. Procedural background

#### i. R&R

Judge Bloom first considered whether an agreement to arbitrate exists and then determined the scope of that agreement. (R&R 3–7.) Judge Bloom found that the parties agreed to arbitrate because Plaintiff was a Union member, the Union was authorized to negotiate CBAs on her behalf, and therefore Plaintiff was bound by the provisions of the CBAs in place during her employment, which each include a section requiring grievances be submitted to arbitration. (*Id.* at 3–4.) In deciding the scope of each provision, Judge Bloom explained that a union cannot

---

[3] The quoted language is identical in the two agreements, except that the 2014 CBA states, "if the matter is not adjudicated or resolved, . . . either party may submit the matter to arbitration." (2014 CBA 10–13.)

3

waive a member's right to bring statutory claims unless the provision is "clear and unmistakable." (*Id.* (citing *Abdullayeva v. Attending Homecare Servs. LLC*, 928 F.3d 218, 222 (2d Cir. 2019)).) Judge Bloom found that only the 2018 CBA contains a clear and unmistakable provision specifically requiring arbitration of FLSA and NYLL claims. (*Id.* at 4–5.) Because Judge Bloom found that the 2014 CBA does not include such a provision, Judge Bloom concluded that Plaintiff had the right to bring pre-2018 FLSA and NYLL claims in court. (*Id.* at 6.) Judge Bloom therefore recommended that the Court grant Defendants' motion to compel arbitration as to Plaintiff's January of 2018 through February of 2020 claims, deny the motion as to Plaintiff's pre-2018 claims, and stay the proceedings pending arbitration. (*Id.*) Finally, Judge Bloom recommended that the Court deny Plaintiff's argument, made in her opposition, that the sections of the arbitration provisions relating to attorneys' fees and meditation costs are unconscionable and must be modified. (*Id.*)

### ii. Defendants' objection

Defendants filed a partial objection to the R&R, arguing that Judge Bloom's recommendation that the Court deny their motion to compel arbitration as to Plaintiff's pre-2018 FLSA and NYLL claims is: (1) contrary to Second Circuit precedent, which makes clear that the 2018 CBA's arbitration clause applies to claims that arose before the agreement was entered into; and (2) improper because Plaintiff waived the argument that pre-2018 claims were outside the scope of the 2018 CBA. (Defs.' Obj. 4–7.)

4

**II.   Discussion**

    **a.   Standards of review**

        **i.   R&R**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).  When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected.  *Id.*; *see also United States v. Romano*, No. 15-CR-992, 2022 WL 402394, at *3 (2d Cir. Feb. 10. 2022) (citing *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015)).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  *See S.J. v. N.Y.C. Dep't of Educ.*, No. 21-CV-240, 2022 WL 1409578, at *1 n.1 (2d Cir. May 4, 2022) (noting that district court applied correct legal standard in conducting *de novo* review of portions of magistrate's report to which specific objections were made and reviewing portions not objected to for clear error).  The clear error standard also applies when a party makes only conclusory or general objections. Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations."); *see also Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 579 (2d Cir. 2020) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))); *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (noting that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court").

### ii.     Federal Arbitration Act

The Federal Arbitration Act (the "FAA") requires courts to compel arbitration of claims that the parties have agreed to arbitrate.  *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).  "Courts consider two factors when deciding if a dispute is arbitrable: '(1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims at issue.'"  *Cooper v. Ruane Cunniff & Goldfarb Inc.*, 990 F.3d 173, 179 (2d Cir. 2021) (quoting *Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391, 394 (2d Cir. 2015)); *see Doctor's Assocs., Inc. v. Alemayehu*, 934 F.3d 245, 250 (2d Cir. 2019) ("The threshold question facing any court considering a motion to compel arbitration is . . . whether the parties have indeed agreed to arbitrate." (quoting *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012))).  Generally, as a matter of federal law, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. BMC Stock Holdings, Inc.*, 796 F. App'x 45, 48 (2d Cir. 2019) (same).  However, "an exception to the scope presumption applies in the context of a union's waiver of its members' right to bring statutory claims in court[:]" such waivers "must be clear and unmistakable."  *Abdullayeva*, 928 F.3d at 222 (quoting *Lawrence v. Sol. G. Atlas Realty Co., Inc.*, 841 F.3d 81, 82 (2d Cir. 2016)).  The CBA must include "specific references . . . either to the statutes in question or to statutory causes of action generally."  *Id.* at 225 (quoting *Lawrence*, 841 F.3d at 84).

In deciding a motion to compel arbitration, courts apply a similar standard to that applied to a motion for summary judgment and "draw all reasonable inferences in favor of the non-moving party."  *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (citing *Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 171–72 (2d

6

Cir. 2011)); *Soliman v. Subway Franchisee Advert. Fund Tr., Ltd.*, 999 F.3d 828, 833–34 (2d Cir. 2021) (first quoting *Nicosia*, 834 F.3d at 229; and then quoting *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017)).  The party "seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid."  *Harrington v. Atl. Sounding Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010) (citing *Green Tree Fin. Corp. Ala. v. Randolph*, 531 U.S. 79, 91–92 (2000)).  In addition, "[a] district court must stay proceedings once it is 'satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding.'"  *Nicosia*, 834 F.3d at 229 (quoting *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997)); *see also Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("[A] stay of proceedings [is] necessary after all claims have been referred to arbitration and a stay requested.").

### b. Unopposed portions of the R&R

No party has objected to Judge Bloom's recommendations that the Court: (1) "grant [D]efendants' motion to compel arbitration with respect to [P]laintiff's FLSA and NYLL claims from January 1, 2018 to February 2020[;]" (2) "stay this case pending the resolution of [P]laintiff's claims in individual grievance, mediation, or arbitration[;]" and deny Plaintiff's request that the Court find two provisions of the arbitration agreement unconscionable and modify the agreement.  (R&R 6–8.)  The Court has reviewed the unopposed portions of the R&R and, finding no clear error, adopts the recommendations pursuant to 28 U.S.C. § 636(b)(1).

### c. Plaintiff's pre-2018 FLSA and NYLL claims

Defendants object to Judge Bloom's recommendation that the Court deny Defendants' motion to compel arbitration with respect to Plaintiff's pre-2018 FLSA and NYLL claims, arguing that: (1) the recommendation is contrary to Second Circuit precedent; and (2) Plaintiff

did not argue and therefore waived the argument that the pre-2018 claims did not fall within the scope of the 2018 CBA arbitration provision.[4]  (Defs.' Obj. 4–7.)  In support of their first argument, Defendants contend that the 2018 CBA applies to Plaintiff's pre-2018 claims because "[t]he Second Circuit has been clear that broad arbitration clauses apply to controversies that arise before the agreement was entered into, not just those that arise in the future, unless there is some temporal limitation to the contrary."  (*Id.* at 4–5 (citations omitted).)  Defendants also argue that the terms of the 2014 CBA became unenforceable after the 2014 CBA was replaced by the 2018 CBA.  (*Id.* at 5.)  Therefore, the fact that the 2014 CBA does not contain the requisite "clear and unmistakable" provision requiring arbitration of a union member's statutory claims, is irrelevant because the 2018 CBA contains such a provision, does not contain any temporal limitation, and applies to all of Plaintiff's claims.  (*Id.* at 6.)

"[The Second Circuit] has held that broad arbitration provisions that contain no express temporal limitation can apply to claims that arose prior to the execution of the arbitration agreement."  *Holick*, 802 F.3d at 397.  Where the arbitration agreement "does not contain any temporal limitation," the relevant question is whether the claims relate to any obligation under the agreement, "not when they arose."  *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 99 (2d Cir. 1999); *see also Kai Peng v. Uber Techs., Inc.*, 237 F. Supp. 3d 36, 51 (E.D.N.Y. 2017) ("[T]he relevant question is not when the plaintiffs' claims arose, but whether they arise under their agreements with the defendants." (quoting *Reid v. Supershuttle Int'l, Inc.*, No. 08-CV-4854, 2010 WL 1049613, at *6 (E.D.N.Y. Mar. 22,

---

[4] Because the Court finds that the 2018 CBA applies to claims that arose before the 2018 agreement was entered into, the Court declines to address Defendants' alternative argument that Plaintiff waived the argument that the pre-2018 claims were not within the scope of the 2018 CBA.

8

2010))). Courts in this Circuit have repeatedly found arbitration agreements applied to controversies that predated the execution of the agreements where the agreement did not include an express temporal limitation and the language of the agreement applied to the claims. *See Smith/Enron*, 198 F.3d at 99 (affirming the district court's decision to compel arbitration of claims that concerned controversies that predated the agreement where the language of the arbitration agreement was broad and did not include a temporal limitation); *Coenen v. R.W. Pressprich & Co.,* 453 F.2d 1209, 1211–12 (2d Cir. 1972) (holding that the arbitration provision of the New York Stock Exchange Rules applied to actions predating the agreement because the contract stated that it governed "any controversy" between the parties); *Kai Peng*, 237 F. Supp. 3d at 51 (explaining that even if the conduct underlying the dispute predated the December 2015 agreement, the December 2015 agreement, rather than the earlier agreement, still applied to the dispute); *Reid*, 2010 WL 1049613, at *5–6 (finding that because the agreements contained no temporal limitation and the claims fell within the language of the agreement, the arbitration clause applied even though the claims predated the execution of the agreements).

More recently, however, the Second Circuit has made clear that not all arbitration agreements have such expansive scope. *See Holick*, 802 F.3d at 398. The Court has found that even if an arbitration agreement does not contain an express temporal limitation, there may be other reasons to temporally limit the scope of the arbitration clause. *Id.* (finding the arbitration agreement temporally limited to controversies that occurred after the agreement was executed based on the agreement's language and the parties' conduct).

The Court must decide "whether the parties intended for the arbitration clause to cover the present dispute." *Id.* The 2018 CBA's broad language and the lack of any evidence that the parties intended for the 2018 arbitration clause to be temporally limited, support a conclusion

9

that the clause applies to all of Plaintiff's claims, including those that predated the execution of the 2018 CBA. As noted above, Article XXXI of the 2018 CBA specifically states "all claims brought by either the Union or Employees, asserting violations of or arising under" the FLSA or NYLL, and makes clear that any such claim "shall be subject exclusively, to the grievance and arbitration procedures described in this Article." (2018 CBA 14.) It further provides that if not resolved, the claim "shall be submitted to a final and binding arbitration before Roger Maher." (2018 CBA 13–15.) As Judge Bloom found, Plaintiff's claims are within the scope of the 2018 CBA because Article XXXI of the 2018 CBA is "clear and unmistakable" and "waives [P]laintiff's right to proceed on these statutory claims in a judicial forum." (R&R 5.) *See also Abdullayeva*, 928 F.3d at 224 (explaining that a CBA's specific reference to certain statutes satisfies this standard and includes claims under such statute within its scope). Judge Bloom found, however, that because the 2018 CBA went into effect in January of 2018, it only "covers the term of [P]laintiff's employment from January 2018 through February 2020." (*Id.* at 4.)

The Court finds that the 2018 CBA's broad language applies to "all claims . . . asserting violations of or arising under . . . FLSA[], or [NYLL] . . . in any manner." (2018 CBA 13–15.) The Court also finds that because the 2018 CBA does not contain any temporal limitation, it applies to all of Plaintiff's FLSA and NYLL claims, including those that predate the execution of the 2018 CBA.[5] *See Reid*, 2010 WL 1049613, at *6 (finding the arbitration agreement governed

---

[5] Defendants also rely on *Abdullayeva v. Attending Homecare Servs., LLC*, 928 F.3d 218 (2d Cir. 2019), for support. In *Abdullayeva*, the Second Circuit considered whether the language in a very similarly worded arbitration agreement was adequate to waive a union member's right to bring certain statutory claims in court. 928 F.3d at 223–25. Finding it was, the Court applied the arbitration clause to all statutory claims, which included claims that predated the execution of the arbitration agreement, without distinguishing between claims that predated and postdated the execution of the agreement. *Id.*; *see also Abdullayeva v. Attending Homecare Servs., LLC*, No. 17-CV-5951, 2018 WL 1181644 (E.D.N.Y. Mar. 5, 2018), rev'd and remanded, 928 F.3d 218

Plaintiffs' claims that they were employees rather than independent contractors and therefore were entitled to certain benefits because the claims arose under the language of the agreement). The fact that Plaintiff's FLSA and NYLL claims did not fall within the scope of the arbitration provision in the 2014 CBA is not determinative because the 2018 CBA, not the 2014 CBA is the operative agreement. *See Kai Peng*, 237 F. Supp. 3d at 51 (explaining that even if the controversies predated the December 2015 agreement, that agreement, rather than the April 2015 agreement, still applied to the dispute).

The recent Second Circuit case, *Holick*, is not to the contrary. 802 F.3d 391. In *Holick*, the plaintiffs filed a complaint alleging that the defendants had unlawfully denied them compensation and benefits by misclassifying them as independent contractors prior to the subsequent execution of compensation agreements, which labeled the plaintiffs as employees. *Id.* at 392–93. Defendants moved to compel arbitration based on the arbitration clause contained in the subsequent compensation agreements, and the Second Circuit considered whether the arbitration provision applied to the plaintiffs' claims, given that the claims predated the execution of the compensation agreements. *Id.* at 397–99. The Second Circuit explained that, prior to the execution of the compensation agreements, the parties had executed sales agreements agreeing that the plaintiffs were not employees but instead independent contractors. *Id.* at 393, 398. Therefore, the compensation agreements, by labeling the plaintiffs as employees, changed the contractual relationship of the parties. *Id.* at 398. The Court found that "[i]t would be inconsistent with the parties' conduct to construe the [c]ompensation [a]greement[s], which referenced 'employment,' to apply to a period when the parties themselves did not contemplate

---

(2d Cir. 2019) (describing the claims and arbitration agreements). *Abdullayeva* further suggests that the broad language of the 2018 CBA applies to all of Plaintiff's claims, including claims that predated the execution of the 2018 CBA.

11

such a relationship." *Id.* Because "when the [c]ompensation [a]greements were signed, the parties' contractual positions changed in a way that impacted arbitrability," namely, the plaintiffs became labeled as the defendants' employees, the Court held that the parties did not intend for the arbitration clause in the compensation agreements to cover the disputes that predated the compensation agreements. *Id.*

"Plaintiffs' contractual position did not materially change between [the time of the execution of the two agreements]." *Kai Peng*, 237 F. Supp. 3d at 51 n.14. Nor is the scope of the arbitration clause temporally limited. In view of the fact that the broad language of the 2018 CBA is not temporally limited, the 2018 CBA applies to all of Plaintiff's FLSA and NYLL claims and requires that these claims be submitted to arbitration.

### III. Conclusion

For the foregoing reasons, the Court grants Defendants' motion to compel arbitration as to all of Plaintiff's claims. The Court also denies Plaintiff's request that the Court modify the arbitration agreement. The Court stays this case pending resolution of Plaintiff's claims in arbitration.

Dated: February 8, 2023
      Brooklyn, New York

                                        SO ORDERED:

                                        _____s/ MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge