UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

VANESSA DEL CARMEN ALVARADO
CALDERON, *on behalf of herself, FLSA Collective
Plaintiffs, and the Class*,

                                 Plaintiff,

                          v.

BREADBERRY INC. *d/b/a Breadberry*, and
SAMUEL GLUCK,

                               Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
22-CV-1601 (MKB) (LB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Vanessa Del Carmen Alvarado Calderon commenced the above-captioned action

on behalf of herself, the Fair Labor Standards Act ("FLSA") Collective Plaintiffs and the Class,[1]

against Defendants Breadberry Inc. and Samuel Gluck, alleging that Defendants violated her

rights under the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y.

Lab. Law §§ 650 *et seq.*  (Compl., Docket Entry No. 1.)  On August 19, 2022, Defendants moved

to compel arbitration and dismiss the complaint or, in the alternative, stay the action pending

arbitration.  (Defs.' Mot. to Compel Arbitration, Docket Entry No. 20.)  Plaintiff opposed the

motion on the basis that certain terms of the arbitration agreement were unconscionable.  (Pl.'s

Opp'n to Defs.' Mot. to Compel Arbitration, Docket Entry No. 21.)  On September 30, 2022, the

Court referred the motion to Magistrate Judge Lois Bloom for a report and recommendation.

(Order dated Sept. 30, 2022).

---

[1] Neither the collective action nor the class action have been certified.

By report and recommendation dated December 15, 2022, Judge Bloom recommended that the Court grant Defendants' motion to compel arbitration as to certain claims and deny the motion as to others (the "R&R").  (R&R, Docket Entry No. 25.)  On December 29, 2022, Defendants filed a partial objection to the R&R, arguing that Judge Bloom erred in recommending that the Court deny Defendants' motion as to certain claims.  (Defs.' Obj., Docket Entry No. 26.)  Plaintiff did not oppose the R&R or file a response, and on February 8, 2023, the Court adopted the R&R in part, granted Defendants' motion to compel as to all of Plaintiff's claims and denied Plaintiff's request that the Court modify the arbitration agreement (the "February 2023 Decision").  (Feb. 2023 Decision, Docket Entry No. 27)

On April 10, 2023, Plaintiff filed a letter requesting reconsideration of the Court's February 9, 2023 Decision.  (Pl.'s Letter for Recons. Pursuant to Rule 60(b)(1) ("Pl.'s 60(b)(1) Recons. Letter"), Docket Entry No. 28.)  On April 24, 2023, Defendants filed an opposition to the request.[2]  (Defs.' Resp. to Pl.'s 60(b)(1) Recons. Letter, Docket Entry No. 30.)

For the reasons discussed below, the Court denies Plaintiff's motion for reconsideration.

## I.   Background

### a.   Factual background

The Court assumes familiarity with the facts as detailed in the February 2023 Decision, and therefore only provides a summary of the pertinent facts.

---

[2] Defendants also gave notice that they would be filing a motion for sanctions.  (Defs.' Resp. to Pl.'s 60(b)(1) Recons. Letter, Docket Entry No. 30.)

From April of 2017 through February of 2020, Plaintiff worked for Defendants[3] as a deli worker, (Compl. ¶ 23), and was a dues-paying member of Local 713 of the International Brotherhood of Trade Unions (the "Union").[4]  When Defendants hired Plaintiff in April of 2017, a Collective Bargaining Agreement ("CBA") governing the terms and conditions of union-member employment was already in place.  (Freedberg Decl. 1; Original CBA ("2014 CBA"), annexed to Freedberg Decl. as Ex. A, Docket Entry No. 20-3.)  On January 1, 2018, a new CBA ("2018 CBA") replaced the 2014 CBA, and remained in effect through the end of Plaintiff's employment by Defendants.  (Freedberg Decl. 1–2; Governing CBA, annexed to Freedberg Decl. as Ex. B, Docket Entry No. 20-4.)

The 2018 CBA contains two arbitration provisions, one of which is included in the 2014 CBA.  (*Compare* 2018 CBA 7–8, 13–15, *with* 2014 CBA 10–13.)  The Grievance and Arbitration provision in Article XXI of the 2018 CBA states that:

> All grievances concerning discipline and termination between the parties hereto (the Employer and the Union), growing out of the interpretation or application of any clause of the *Agreement*, or any breach or threatened breach of the Agreement, shall be settled in the following [grievance process]: . . . Any said dispute or grievance shall be presented to the Employer in writing. . . . If the dispute or grievance is not adjudicated or resolved, either party may submit the matter to arbitration. . . . The procedure herein outlined in respect to matters over which the Arbitrator has jurisdiction shall be the sole and exclusive method for the determination of all such issues.

---

[3]  Corporate Defendant Breadberry Inc. owns and operates the supermarket Breadberry and individual Defendant Gluck is the Chief Executive Officer and owner of Breadberry Inc. (Compl. ¶¶ 7–8.)

[4]  (Decl. of Eli Freedberg in Supp. of Mot. ("Freedberg Decl.") 2, Docket Entry No. 20-2; Pl.'s Feb. 5, 2020 Paystub, annexed to Freedberg Decl. as Ex. C, Docket Entry No. 20-5.)

(2018 CBA 7–8; *see also* 2014 CBA 10–13.[5])

The 2018 CBA also includes an Alternative Dispute Resolution Procedures in Article

XXXI, which provides that:

> [A]ll claims brought by either the Union or Employees, asserting violations of or arising under the Fair Labor Standards Act ("FLSA"), or New York Labor Law (collectively, the "Covered Statutes"), in any manner, shall be subject exclusively, to the grievance and arbitration procedures described in this Article. . . . All such claims if not resolved in the grievance procedure . . . or mediation as described [in the Article] shall be submitted to a final and binding arbitration before Roger Maher.

(2018 CBA 13–14.)

### b.   Procedural background

In partially granting Defendants' motion to compel arbitration, Judge Bloom found that

Plaintiff was bound by the provisions of the CBAs in place during her employment because

Plaintiff was a Union member and the Union was therefore authorized to negotiate CBAs on her

behalf.  (R&R 3–4.)  However, Judge Bloom concluded that because a union cannot waive a

member's right to bring statutory claims unless the arbitration provision is "clear and

unmistakable" and because only the 2018 CBA, not the 2014 CBA, included a clear and

unmistakable provision specifically requiring arbitration of FLSA and NYLL claims, Plaintiff

had the right to bring pre-2018 FLSA and NYLL claims in court.  (*Id.* at 4–6.)  Therefore, Judge

Bloom recommended that the Court grant Defendants' motion to compel arbitration as to

Plaintiff's January of 2018 through February of 2020 claims, deny the motion as to Plaintiff's

pre-2018 claims, and stay the proceedings pending arbitration.  (*Id.* at 6.)  Judge Bloom also

---

[5]  The quoted language is identical in the two agreements, except that the 2014 CBA states, "if the matter is not adjudicated or resolved . . . either party may submit the matter to arbitration."  (2014 CBA 10–13.)

recommended that the Court deny Plaintiff's argument, made in her opposition, that the sections

of the arbitration provisions relating to attorneys' fees and meditation costs are unconscionable

and must be modified.  (*Id.*)

Defendants filed a partial objection to the R&R, arguing that Judge Bloom's

recommendation that the Court deny their motion to compel arbitration as to Plaintiff's pre-2018

FLSA and NYLL claims is: (1) contrary to Second Circuit precedent, which makes clear that the

2018 CBA's arbitration clause applies to claims that arose before the agreement was entered

into; and (2) improper because Plaintiff waived the argument that pre-2018 claims were outside

the scope of the 2018 CBA.  (Defs.' Obj. 4–7.)  Plaintiff did not respond to Defendants'

objection, nor did Plaintiff file any objections of her own.

In the February 2023 Decision, the Court adopted the unopposed portions of the R&R.

(Feb. 2023 Decision 7.)  However, the Court agreed with Defendants that under Second Circuit

law, the broad language of the 2018 CBA applied to all of Plaintiff's claims, including those that

predate the execution of the 2018 CBA.  (*Id.* at 12.)

On April 10, 2023, Plaintiff filed a letter requesting reconsideration of the Court's

February 2023 Decision, asking the Court to reconsider its decision granting Defendants' motion

to compel arbitration as to all of Plaintiff's claims and to order arbitration as to the claims against

Breadberry Inc. only.  (Pl.'s 60(b)(1) Recons. Letter.)

## II.  Discussion

### a.  Standards of review

#### i.  Reconsideration

The standard for granting a motion for reconsideration "is strict, and reconsideration will

generally be denied unless the moving party can point to controlling decisions or data that the

5

court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked").  In addition to considering any evidence or controlling cases the court overlooked, the court should also consider whether there has been "an intervening change of controlling law." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 22-CV-2936, 2023 WL 3159233, at *1 (E.D.N.Y. Apr. 28, 2023) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104) (same).

It is thus well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple." *U.S. for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018) (alteration in original) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended*, (July 13, 2012)).  "A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'" *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

b.   **The Court denies Plaintiff's motions for reconsideration**

Plaintiff contends that in a recent decision a magistrate judge in this district "found that

6

an arbitration agreement between a company and its employees is not binding as to individual

defendants who are owners, principals or managers of the company." (Pl.'s 60(b)(1) Recons.

Letter 1 (citing *Salazar v. The Bahche, Inc.*, No. 21-CV-5257, 2023 WL 2349589 (E.D.N.Y.

Mar. 3, 2023)). Plaintiff argues that the court determined that because the individual defendant

was not a signatory of the agreement and because the arbitration agreement did not provide for

individual owners, principals or managers to pay the arbitration fees, the individual defendant

was not responsible for paying the arbitration costs and fees. (*Id.*) Plaintiff understands this to

mean that where the individual defendant did not sign the arbitration agreement, did not agree to

pay arbitration fees and costs, and would not have been aware of the arbitration agreement, he

would not be subject to the arbitration agreement. (*Id.*) Based on her understanding of this case,

Plaintiff asks the Court to reconsider its order granting Defendants' motion to compel arbitration

as to all of Plaintiff's claims and to instead order arbitration as to Plaintiff's claims against the

corporate defendant only. (*Id.* at 2.)

Defendants argue that Plaintiff's reconsideration request should be denied (1) as

untimely, (2) as an improper attempt to assert arguments she failed to previously raise, (3) due to

other procedural defects and (4) because Plaintiff failed to identify controlling precedent

overlooked by the Court. (Defs.' Resp.) In support, Defendants note that Plaintiff's request is

based on one opinion issued by a magistrate judge in response to a motion for sanctions and does

not constitute controlling precedent or an intervening change in controlling law. (*Id.* at 5.) In

addition, Defendants argue that the case relied on by Plaintiff is a "completely inapposite" order

addressing a motion for sanctions, and although the court found that, according to the plain

language of the arbitration agreement, only the corporate defendant was obliged to pay

arbitration costs, the court never held that claims against individual defendants were not covered by the arbitration agreement.  (*Id.* at 6–7.)

The Court denies Plaintiff's reconsideration request because it is untimely, based on arguments Plaintiff waived, and fails to identify controlling law that the Court overlooked or that demonstrates an intervening change in the law.

### i.    Plaintiff's motion is untimely

The Court denies Plaintiff's reconsideration request as untimely.[6]  Plaintiff's request was filed forty-six days after the deadline set by Local Rule 6.3, which requires that a notice of motion for reconsideration be filed within fourteen days after the entry of the order.[7]  *See, e.g.*, *Siino v. City of New York*, No. 14-CV-7217, 2021 WL 6063610, at *3 (E.D.N.Y. Dec. 21, 2021) (denying as untimely pro se plaintiff's motion to reconsider which was filed twenty-six days after the order was entered); *Bennett v. Care Corr. Sol. Med. Contracted*, No. 15-CV-3746, 2017 WL 4250519, at *2 (S.D.N.Y. Sept. 25, 2017) (denying as untimely plaintiff's seven-day-late motion for reconsideration and collecting cases).  In addition, Plaintiff's request was filed thirty-eight days after the *Salazar* decision was filed, even though Plaintiff's counsel would have been immediately aware of the decision given that he represents the *Salazar* plaintiffs.  Therefore, the

---

[6]  As Defendants also point out, Plaintiff is requesting that the Court reconsider its adoption of unopposed portions of the R&R.  (Defs.' Resp. 10.)  Objections to reports and recommendations of a magistrate judge must be filed within fourteen days.  Fed. R. Civ. P. 72(b)(2).

[7]  Defendants also argue that Plaintiff's letter requesting reconsideration is procedurally improper because Federal Rule of Civil Procedure 60 and Local Rule 6.3 require formal motions.  (Defs.' Resp. 11–12.)  *See Governale v. Soler*, 319 F.R.D. 79, 82 (E.D.N.Y. 2016) (finding the plaintiff's filing procedurally improper because the submission did not comply with the rule that all motions include a notice of motion, memorandum of law and supporting affidavits and exhibits).  In view of the other reasons for the Court's denial of the motion for reconsideration, the Court declines to consider whether to deny Plaintiff's request on this procedural ground.

Court dismisses Plaintiff's reconsideration request as untimely.

### ii.   Plaintiff cannot make new arguments in a reconsideration motion

As mentioned above, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories." *U.S. for Use & Benefit of Five Star Elec. Corp.*, 758 F. App'x at 101 (citation omitted); *see also Salveson*, 166 F. Supp. 3d at 248 (citation omitted) ("A motion for reconsideration is '[not] . . . an opportunity for making new arguments that could have previously been made.'").  Where no reason excuses the untimeliness, arguments raised for the first time in a motion for reconsideration are waived. *Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) (citing *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 188 (2d Cir. 2014)); *see also Salveson*, 166 F. Supp. 3d at 265 (declining to consider an alternative argument presented to the court for the first time in a reconsideration motion because the plaintiffs had not presented any "compelling excuse for the untimeliness of [the] argument").

As Defendants argue, Plaintiff is now, for the first time, arguing that Defendants' motion to compel should not be granted as to Gluck because individual defendants are not bound by the arbitration agreement.  (Defs.' Opp'n 9.)  Plaintiff did not make this argument before doing so in her reconsideration motion, and more importantly, did not object to the R&R, where Judge Bloom did not distinguish between Plaintiff's claims against Breadberry Inc. and those against Gluck, or in response to Defendants' objection to the R&R.  Because Plaintiff raised this argument for the first time in a reconsideration motion, Plaintiff has waived this argument. *See Assoc. Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 20 (S.D.N.Y. 2005) (explaining that the defendant's new argument was waived because it had not been advanced prior to the filing of the reconsideration motion).

9

To the extent Plaintiff's argument is based on a purported intervening change in the law,

such that Plaintiff would not have been able to previously advance this argument, the

reconsideration motion still fails because, for the reasons explained below, Plaintiff has not

established an intervening change in controlling law.  *See United States v. Lesane*, No. 22-CR-

110, 2023 WL 315268, at *2 (S.D.N.Y. Jan. 19, 2023) (explaining that new arguments cannot be

made in a reconsideration motion unless the arguments could not have been previously made

when the motion was originally argued).

> ### iii.   Plaintiff has not identified any controlling precedent overlooked by the Court, any intervening change in the law, or any clear error of law

As mentioned above, a motion for reconsideration should be granted only when the

moving party identifies "an intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel*

*Mechil of Tartikov, Inc.*, 729 F.3d at 104 (quoting *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255).

Controlling decisions include decisions from the United States Court of Appeals for the Second

Circuit; they do not include decisions from other circuits or district courts.  *Colbalt Multifamily*

*Inv'rs I, LLC v. Shapiro*, 2009 WL 4408207, at *2 (S.D.N.Y. 2009) (citation omitted).

Plaintiff has not identified any controlling precedent or evidence that the Court

overlooked, any intervening change in controlling law, or any error by the Court.  Plaintiff's

reconsideration motion is based on a magistrate judge's order denying a motion for sanctions,

which does not constitute binding authority for this Court.  *See United States v. Donzinger*, No.

19-CR-561, 2020 WL 8465435, at *2 (S.D.N.Y. Oct. 23, 2020) ("[T]he only new case he cites is

from a Kansas district court . . . which, of course, is not binding authority for this Court.").

Therefore, reconsideration is not warranted.  *See Colbalt Multifamily Investors I, LLC*, 2009 WL

4408207, at *2  (explaining that reconsideration is not warranted where the moving party cited to

non-controlling decisions).

In addition to being non-controlling, the case Plaintiff relies upon is inapposite and does not stand for the proposition Plaintiff argues that it does. In *Salazar*, the plaintiffs instituted a FLSA action against a corporate defendant and individual defendants and later dismissed the action after the individual defendants apprised the plaintiffs of executed arbitration agreements that covered the asserted claims. 2023 WL 2349589, at *1. The plaintiffs later sought to reopen the case because the individual defendants did not pay their portion of the arbitration filing fees. *Id.* After the district court referred the motion to the magistrate court, the magistrate judge instructed the parties to inform the court as to whether the parties agreed to proceed with arbitration or litigation and, if no agreement was reached, as to whether the individual defendants waived the right to arbitrate. *Id.* The parties filed a letter explaining that the parties agreed to reopen the case. *Id.* Thereafter, the plaintiff filed a motion for sanctions, arguing that the individual defendants should be sanctioned for representing to the plaintiffs that they were required to arbitrate their claims and then failing to pay their portion of the arbitration fees. *Id.* at 1–2.

The court refused to sanction the individual defendants for apprising the plaintiffs of the arbitration agreements because the court concluded that the action was not without legal or factual basis, as the plaintiffs agreed that arbitration was required and because the law favors enforcement of arbitration agreements. *Id.* at 2. The court also decided that the individual defendants' failure to pay arbitration fees was not "without color" or "in bad faith" as the plain language of the arbitration agreement indicated that the corporate defendant, rather than the individual defendants, was responsible for paying the costs of arbitration. *Id.* at 3. Further, the court explained that the plaintiffs had not initiated arbitration against the corporate entity and

11

noted that the individual defendants had explained that they had not paid the arbitration fees

because they preferred not to have the case proceed to arbitration due to the financial costs.  *Id.*

Contrary to Plaintiff's argument, the *Salazar* court did not hold that the individual

defendants could not seek to compel arbitration.  (*See* Pl.'s 60(b)(1) Recons. Letter 1–2.)

Instead, the court gave the individual defendants the choice to either proceed by arbitration or by

litigation, and they decided to proceed by litigation due to the arbitration costs.  2023 WL

2349589, at *1.  While the court found that the individual defendants would not be responsible

for the arbitration costs under the plain language of the agreement, *id.* at 2–3, this does not

support Plaintiff's argument that the arbitration agreement did not apply to claims against the

individual defendants.[8]  Because Plaintiff fails to demonstrate that there has been an intervening

change in controlling law warranting reconsideration, the Court denies Plaintiff's motion.

## III.  Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion for reconsideration.

Dated: June 5, 2023
      Brooklyn, New York

SO ORDERED:

              s/ MKB
            MARGO K. BRODIE
            United States District Judge

---

[8] To the contrary, courts commonly conclude, according to principles of estoppel, that when an employee asserts claims arising under an arbitration agreement against a signatory employer and a non-signatory employer or supervisor, the non-signatory may invoke arbitration. *See Lee v. Engel Burman Grande Care at Jericho, LLC*, No. 20-CV-3093, 2021 WL 3725986, at *5 (E.D.N.Y. Aug. 23, 2021) (collecting cases).  Plaintiff's claims against Defendant Gluck are based on the same FLSA and NYLL violations, which arise under the arbitration agreement. (2018 CBA 14.)